Filed 12/11/20  P. v. Murphy CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C089432 |
| v. | (Super. Ct. No. CR606881) |
| ARLEEN PATRICIA MURPHY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Arleen Patricia Murphy asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant drove to a house with codefendant Edward Ullrey and took several items of value.  The victim received an automated alert from a camera on his property and contacted his sister, who drove to the property.  The sister saw defendant and codefendant drive away from the property in a truck.  The sister followed the truck and

1

contacted the local sheriff's office. Deputies apprehended defendant and codefendant at a gas station, where defendant said she drove codefendant to the house but she never got out of the truck. Deputies searched the truck and found several stolen items. They also found methamphetamine on defendant. Codefendant admitted they had gone in the house.

The People charged defendant with first degree burglary (Pen. Code, § 459), receipt of stolen property (Pen. Code, § 496, subd. (a)), and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). The People later amended the complaint to charge second degree, rather than first degree, burglary.

Defendant pleaded guilty to one count of second degree burglary and the trial court dismissed the remaining counts. The trial court sentenced defendant to the upper term of three years, imposing 365 days in county jail and suspending 730 days subject to defendant's agreement to mandatory supervision by the probation department. The trial court awarded defendant 72 days of presentence credit and ordered her to pay various fines and fees.

When the trial court first issued the written order of mandatory supervision, the order incorrectly stated that defendant had been sentenced to 180 days in county jail, rather than 365 days. But the trial court subsequently corrected the order to reflect the oral pronouncement of sentence.

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant. Having

2

undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                                                    /S/
                                                           MAURO, Acting P. J.


We concur:


     /S/
MURRAY, J.


     /S/
DUARTE, J.